NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMER AJRAM, | No. 18-72860 |
| Petitioner, | |
| v. | Agency No. A206 518 076 |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review
The Board of Immigration Appeals

Submitted February 9, 2021**
Pasadena, California

Before: BOGGS,*** M. SMITH, and MURGUIA, Circuit Judges

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

&ast;&ast;&ast; The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioner Samer Ajram, a native and citizen of Syria, appeals the Board of Immigration Appeals ("BIA") denial of his application for asylum and withholding of removal. Ajram tried to enter the United States in 2013 but was placed in removal proceedings. Ajram conceded his removability, but applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231(b)(3). He also sought protection under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c).[1] The immigration court denied Ajram's claims and entered an order of removal. Ajram appealed to the BIA, which issued a written opinion dismissing his appeal in September 2018. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

Ajram, a Syrian of Christian faith, claims that he had been persecuted by his neighbors in Syria who were Muslim. He ran a propane distribution business from his home where he lived with his mother and sister in Damascus. He claimed that his Muslim neighbors, wearing ski masks and carrying guns, came to his house demanding propane and beat him when he said he did not have any propane. Ajram believes the request for propane was a pretext and that they beat him because of his Christian religion. The immigration judge did not find Ajram credible regarding

---

[1] The immigration judge denied Ajram's CAT claim. Ajram did not argue it on appeal to the BIA and he does not raise it here. His CAT claim has been waived.

past persecution, noting, among other things, that his mother and sister still lived in the same house and had suffered no harm or threats because of their Christianity.

Asylum is available to any noncitizen who demonstrates that he is a refugee "who is unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). When the BIA issues its own written opinion, this court reviews the BIA opinion, not the immigration court opinion. *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir. 2005), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). We review the BIA's legal conclusions de novo. *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004). Factual findings made by the BIA are reviewed under the deferential substantial evidence standard and will be upheld unless the evidence compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

The BIA assumed that Ajram was credible (contrary to the immigration judge), but still found he had not met his burden of proof for asylum, as his conflict with his neighbors was insufficient to establish past harm rising to the level of persecution. The BIA also held that Ajram did not establish a well-founded fear of

future persecution from nonstate actors, as there was no evidence that the government was unable or unwilling to control these nonstate actors.[2]

On appeal, Ajram does not challenge the BIA's finding of lack of past persecution. He has waived his claim for relief based on past harm. Ajram's only argument now is that he has a well-founded fear of future persecution. *Pedro-Mateo v. I.N.S*, 224 F.3d 1147, 1149-50 (9th Cir. 2000). To be granted asylum based on a well-founded fear of persecution, Ajram must show that he will be "singled out individually" or that the country of removal has a "pattern or practice of persecution." 8 C.F.R. § 1208.13(b)(2)(i), (iii); *Lolong v. Gonzales*, 484 F.3d 1173, 1181 & n.6 (9th Cir. 2007).

Ajram's asylum claim is based on his fear of "possible harm from the government of Syria" because he is Christian. Ajram "contends that he would be harmed by the government on account of his religion as a Syrian Christian." Ajram does not argue that the Syrian government lacks the ability to protect him from harm from nonstate actors, but rather that the Syrian government itself will persecute him. The BIA's opinion did not address this argument because he did not raise it below and there is no evidence in the record that the government itself is persecuting

---

[2] Syria has been in a protracted and violent civil war since 2011 when pro-democracy protests began, pitting the government against a variety of opposing factions.

Christian Syrians, much less that Ajram will be singled out for persecution by the Syrian government. Ajram is not eligible for asylum.

For these same reasons, Ajram is not eligible for withholding of removal, which requires a higher showing that "it is more likely than not" that Ajram would be persecuted based on his religion. 8 C.F.R. § 1208.16(b)(2).

We DENY the petition for review and affirm the decision of the BIA.